IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PHILIP MONCRIEF,

    Plaintiff,                    No. 2:12-cv-0414 GGH P

    vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.

    Defendants.          <u>ORDER</u>

                            /

        Plaintiff is a state prisoner who now proceeds through counsel with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his original complaint on February 16, 2012, and paid the filing fee.

        On May 24, 2012, this court found that plaintiff's original complaint stated a cognizable claim against both defendants and ordered the complaint served. <u>See</u> Doc. No. 4.

        In his original complaint, plaintiff alleged, among other things, that the defendants, and their agents, failed to accommodate plaintiff's medical disability, were deliberately indifferent to plaintiff's medical needs, and intentionally failed to provide plaintiff with adequate medical care. <u>See</u> Doc. No. 1. Plaintiff raised claims under the American with Disabilities Act, the Eighth and Fourteenth Amendments, and state law. <u>Id.</u> Plaintiff sought injunctive relief and damages. <u>Id.</u>

\\\\\

        On August 14, 2012, defendants California Department of Corrections and Rehabilitation ("CDCR"), Randy Grounds, and Gary Swarthout moved to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6).  See Doc. No. 8.  The motion was not filed on behalf of defendant James D. Hartley because, according to the moving defendants, there was no evidence that defendant Hartley had been served with process and because he had not sought representation by the Attorney General.  See Doc. No. 8-1 at 1, n.1.  The motion to dismiss is currently calendared for hearing before the undersigned on September 13, 2012.  See Doc. No. 8.  Plaintiff has not filed an opposition to the motion, but has instead filed an amended complaint.  See Doc. No. 9.

The Amended Complaint

        A properly filed amended complaint supersedes the original complaint.  See, e.g., Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 506 U.S. 915, 113 S.Ct. 321 (1992); see also Sechrest v. Ignacio, 549 F.3d 789, 804 (9th Cir.2008), cert. denied sub nom., McDaniel v. Sechrest, ––U.S. ––, 130 S.Ct. 243, 175 L.Ed.2d 241 (2009) (amendment of a complaint constitutes waiver of claims not carried over from previous versions of the complaint).  Under Federal Rule of Civil Procedure 15, a plaintiff is entitled to amend his complaint once as a matter of right within 21 days of service of a defendant's Rule 12(b) motion.  See Fed. R. Civ. P. 15(a)(1)(B).  Under Federal Rule of Civil Procedure 6(d), three additional days are added to this deadline.

        In this case, defendants filed their Rule 12(b) motion on August 14, 2012, making September 10, 2012 the deadline for plaintiff to file his amended pleading.  Plaintiff filed his first amended complaint on September 4, 2012, and it is therefore timely filed and filed as of right under Federal Rule of Civil Procedure 15(a)(1)(B).

Summary of the Amended Complaint

        Plaintiff alleges that he is a disabled prisoner currently housed at the California Medical Facility ("CMF") in Vacaville, California.  See Doc. No. 9 at ¶ 1.  He alleges that he is a

Chronic Medical Patient with severe chronic obstructive pulmonary disease, as well as other medical issues.  Id. at ¶ 16.  As of November 2010, plaintiff, who had received medical chronos restricting his housing and environment, was restricted to being housed on the ground floor, having a bottom bunk, and not being required to ascend or descend stairs.  Id.

On or about November 18, 2010, plaintiff was being transferred from Avenal State Prison ("ASP"), and the bus stopped overnight at Correctional Training Facility ("CTF") in Soledad, California.  Doc. No. 9 at 17.  While at CTF, plaintiff was housed on the third floor.  Id. at 18.  When plaintiff was woken, he was directed downstairs, and between the second and third floors, fell six or seven stairs to the next level and was knocked unconscious.  Id. at 19.  Plaintiff alleges that he suffered severe spinal and head injuries including: a subdural hematoma, post-concussion syndrome, a 70% compression of T12 and additional injuries of T11 and L1, and a broken back in three places.  Id. at 20.  During subsequent transport between Stanford Hospital and Solano State Prison ("SSP"), plaintiff became paralyzed.  Id. at 22.

After treatment at various hospitals, plaintiff spent between 3 and 5 months at CTF, and some feeling in his limbs returned.  See Doc. No 9 at ¶¶ 24-25.  A specialist determined that plaintiff needed to be in a wheelchair.  Id. at ¶ 25.  Plaintiff was transferred to CMF in May 2011.  Id. at 26.  At CTF and CMF, plaintiff has been housed in general population.  Id. at ¶¶ 25-26.

Plaintiff now raises claims for relief under the Americans with Disabilities Act, the Rehabilitation Act, the Eighth and Fourteenth Amendments, and state law.  As defendants, plaintiff names: the CDCR; Randy Grounds, warden at CTF; Gary Swarthout, warden at SSP; and Does 1-50.  Doc. No. 9 at ¶¶ 9-11.  Defendants Grounds and Swarthout are sued in their individual capacities.  Id. at ¶¶ 10-11.  Plaintiff seeks money damages and injunctive relief.  Id. at p. 10.

\\\\\

\\\\\

Discussion

A review of the court's docket reflects that all defendants named in the amended complaint have appeared in the action. See Doc. No. 8. Further review reflects that plaintiff has served the amended complaint on the defendants. See Doc. No. 9; Fed. R. Civ. Proc. 5. Accordingly, because there is no need to issue a further summons or to direct service of the amended complaint, the court will direct defendants either to file a motion to dismiss the first amended complaint, or to answer the first amended complaint, within 21 days after entry of this order.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The hearing scheduled for September 13, 2012 is vacated.

2. Defendants' motion to dismiss, filed August 14, 2012, is vacated.

3. Within 21 days after entry of this order, defendants shall file either (1) a motion to dismiss the first amended complaint; or (2) an answer to the first amended complaint.

DATED: September 10, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

ggh:rb
monc0414.8.

4