IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN PHILIP MONCRIEF,

      Plaintiff,                      No. 2:12-cv-0414 MCE GGH P

      vs.

CALIFORNIA DEPARTMENT OF
CORRECTIONS AND
REHABILITATION, et al.

      Defendants.               FINDINGS and RECOMMENDATIONS

_____/

      Plaintiff is a state prisoner who proceeds through counsel on his amended complaint, filed September 4, 2012, in this civil rights action pursuant to 42 U.S.C. § 1983.

      Defendants have now moved to dismiss the amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). See Doc. No. 11. Plaintiff has filed opposition. See Doc. No. 13. The motion was calendered for a hearing before the undersigned on November 1, 2012.

      Having reviewed the record, the court determined that oral argument would not be of material assistance in determining the pending motion. Therefore, the court vacated the hearing, and will now determine the motion on the record, including the briefing in support of the motion to dismiss, and the plaintiff's opposition. See E.D. Cal. L.R. 230(g).

Summary of the Amended Complaint

Plaintiff alleges that he is a disabled prisoner currently housed at the California Medical Facility ("CMF") in Vacaville, California.  See Doc. No. 9 at ¶ 1.  He alleges that he is a Chronic Medical Patient with severe chronic obstructive pulmonary disease, as well as other medical issues.  Id. at ¶ 16.  As of November 2010, plaintiff, who had received medical chronos restricting his housing and environment, was restricted to being housed on the ground floor, having a bottom bunk, and not being required to ascend or descend stairs.  Id.

On or about November 18, 2010, plaintiff was being transferred from Avenal State Prison ("ASP"), and the bus stopped overnight at Correctional Training Facility ("CTF") in Soledad, California.  Doc. No. 9 at 17.  While at CTF, plaintiff was housed on the third floor.  Id. at 18.  Plaintiff specifically alleges that

> Defendants, one or more agents of CDCR, Grounds and/or DOES 1-50 (collectively, "Defendants") ignored Plaintiff's protests regarding his medical restrictions, failed and refused to check plaintiff's medical classifications and restrictions, and placed him on the 3rd floor with three flights of stairs to climb and no escort or safe path to travel.

Doc. No. 9, ¶ 18.  When plaintiff was woken, he was directed downstairs, and between the second and third floors, fell six or seven stairs to the next level and was knocked unconscious. Id. at 19.  Plaintiff alleges that he suffered severe spinal and head injuries including: a subdural hematoma, post-concussion syndrome, a 70% compression of T12 and additional injuries of T11 and L1, and a broken back in three places.  Id. at 20.  During subsequent transport between Stanford Hospital and Solano State Prison ("SSP"), plaintiff became paralyzed.  Id. at 22.

After treatment at various hospitals, plaintiff spent between 3 and 5 months at CTF, and some feeling in his limbs returned.  See Doc. No 9 at ¶¶ 24-25.  A specialist determined that plaintiff needed to be in a wheelchair.  Id. at ¶ 25.  Plaintiff was transferred to CMF in May 2011.  Id. at 26.  At CTF and CMF, plaintiff has been housed in general population. Id. at ¶¶ 25-26.  Plaintiff alleges that CDCR regulations, as well as local and federal laws, prohibit housing wheelchair-bound prisoners in general housing areas.  See id.

Plaintiff now raises claims for relief under the Americans with Disabilities Act, the Rehabilitation Act, the Eighth and Fourteenth Amendments, and state law. As defendants, plaintiff names: the CDCR; Randy Grounds, warden at CTF; Gary Swarthout, warden at SSP; and Does 1-50. Doc. No. 9 at ¶¶ 9-11. Defendants Grounds and Swarthout are sued in their individual capacities. Id. at ¶¶ 10-11. Plaintiff seeks money damages and declaratory and injunctive relief. Id. at p. 10.

In particular, as to defendants Swarthout and Grounds, plaintiff alleges that "Defendants Grounds and Swarthout failed to adequately supervise and train, or were deliberately indifferent to the training and supervision of their subordinates, and that such failure was a proximate cause of Plaintiff's injuries. See Doc. No. 9, ¶¶ 57, 62, 67.

The Motion to Dismiss

Defendants offer the following grounds for dismissal: (1) defendants, as a state agency and state officials acting in their official capacities, are immune from suits for damages under the Eleventh Amendment (see Doc. No. 11-1 at 9); (2) the entire complaint should be dismissed, as the allegations amount to nothing more than a slip-and-fall (see Doc. No. 11-1 at 7); (3) the complaint should be dismissed as to defendants Swarthout and Grounds because it contains no allegation of their personal involvement in the alleged deprivations (id. at 4); (4) the complaint should be dismissed as to defendants Swarthout and Grounds to the extent it alleges that defendants failed to train and supervise their staff, as these are Monell claims that cannot be pursued against state officials (id. at 5-6); (5) Count Three, to the extent plaintiff seeks relief under the Fourteenth Amendment, must be dismissed, as it duplicates his Eighth Amendment claims (id. at 8); and (6) plaintiff's state law claims should be dismissed, as defendants are immune from liability, under state law (id. at 7-8).

Plaintiff opposes the motion, arguing: (1) the Eleventh Amendment does not bar a suit against CDCR under the ADA or the Rehabilitation Act (see Doc. No. 13 at 5); (2) the allegations against defendants Swarthout and Grounds are sufficiently pled (id. at 3-4); (3) the

3

Eleventh Amendment does not immunize defendants Swarthout and Grounds, who are being sued in their individual capacities (id. at 6); (4) the claims against defendants Swarthout and Grounds are not Monell claims (id. at 6-7); (5) the complaint pleads more than a slip-and-fall, because defendants failed to follow orders regarding plaintiff's disabilities, and failed to accommodate his restrictions (id. at 7); (7) defendants Swarthout and Grounds are not immune from state-law liability (id. at 8-9); and (8) plaintiff is not barred from pursuing Count Three, for liability under the Fourteenth Amendment, because the case law cited by defendants is inapposite.  Plaintiff agrees to dismiss Count Six.  Plaintiff alternatively asks that, if the court decides to grant any portion of the defendants' motion, that plaintiff be given leave to amend.

Applicable Law

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question.  See Hospital Bldg. Co. v. Trustees of Rex Hosp., 425 U.S. 738, 740 (1976).  The court must also construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).  A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

1 meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or
2 omits to perform an act which he is legally required to do that causes the deprivation of which
3 complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

4     Moreover, supervisory personnel are generally not liable under § 1983 for the
5 actions of their employees under a theory of respondeat superior and, therefore, when a named
6 defendant holds a supervisorial position, the causal link between him and the claimed
7 constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862
8 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
9 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel
10 in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
11 Cir. 1982).

12     The Ninth Circuit has held that a supervisor may be liable

> if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. Supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy "itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." (internal citations and quotations omitted).

18 Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

19     The Ninth Circuit has recently clarified the parameters of supervisor liability in
20 the wake of Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937 (2009) and Starr v. Baca, 652 F.3d
21 1202 (9th Cir. 2011):

> Iqbal makes crystal clear that constitutional tort claims against supervisory defendants turn on the requirements of the particular claim – and, more specifically, on the state of mind required by the particular claim – not on a generally applicable concept of supervisory liability....[B]ecause Eighth Amendment claims for cruel and unusual punishment generally require only deliberate indifference (not specific intent), a Sheriff is liable for prisoner abuse perpetrated by his subordinates if he knowingly turns a blind eye to the abuse. See [Starr v. Baca, 652 F.3d] at 1205. The Sheriff need not act with the purpose that the prisoner be abused. See id. at 1206-

.

07 ("A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement – and the liability – of that supervisor.") Put simply, constitutional tort liability after <u>Iqbal</u> depends primarily on the requisite mental state for the violation alleged.

<u>OSU Student Alliance v. Ray</u>, – F.3d – , 2012 WL 5200341 at *13 (Oct. 23, 2012).

<u>Discussion</u>

<u>Counts One and Two</u>

Counts One and Two should proceed.

Count One is brought against the CDCR under Title II of the Americans with Disabilities Act ("ADA"). Plaintiff seeks damages, as well as declaratory and injunctive relief.

Count Two is brought against the CDCR under section 504 of the Rehabilitation Act. Plaintiff seeks damages as well as declaratory and injunctive relief.

Defendants do not specifically argue that Counts One and Two should be dismissed, but instead generally allege that "CDCR enjoys Eleventh Amendment immunity from suits for damages...." <u>See</u> Doc. No. 11-1 at 9. The only remaining counts raised against CDCR are Counts One and Two, described above. To the extent defendants argue that the ADA and RA counts against CDCR should be dismissed pursuant to the Eleventh Amendment, their argument should be overruled. The Court of Appeals for the Ninth Circuit has long recognized that a state is not entitled to Eleventh Amendment immunity under Title II of the ADA. <u>See</u>, e.g., <u>Phiffer v. Columbia River Correctional Institute</u>, 384 F.3d 791, 792 (9th Cir. 2004).

The Ninth Circuit has also long recognized that a state waives its Eleventh Amendment immunity to section 504 of the RA by accepting federal funds. <u>Id.</u> at 793. In this case, plaintiff has alleged that defendant CDCR received federal funds within the meaning of the RA. <u>See</u> Doc. No. 9 at ¶ 47.

However, because only entities, and not individuals, are appropriate defendants in an ADA/RA suit, <u>Vinson v. Thomas</u>, 288 F.3d 1145, 1156 (9th Cir. 2002), Counts One and Two should proceed only against CDCR..

Count Three

Count Three should be dismissed. Plaintiff is essentially alleging that defendants violated his due process rights under the Fourteenth Amendment because defendants violated his rights under the Eighth Amendment. Plaintiff articulates no federal interest or right that he has been denied without process – indeed, his allegations are identical to those raised in Counts Four and Five. Count Three is duplicative, and should be dismissed. See Armendariz v. Penman, 75 F.3d 1311, 1319 (9th Cir.1996) (en banc) (more specific Amendment controls).

Counts Four and Five

Counts Four and Five should be dismissed with leave to amend.

Plaintiff's factual allegations are vague, because plaintiff's use of the defined term "Defendants" (which, though it specifically includes defendant Grounds does not specifically include defendant Swarthout) prevents the court from determining who, exactly, did what to plaintiff. Moreover, plaintiff further alleges many actions not even committed by "Defendants" but by a single unidentified "Defendant" (see ¶ 23, "Defendant also interviewed Plaintiff on video and obtained his account of what happened.") or by "Defendants' agents" (see, e.g., ¶¶ 19, 21, 22, 24).[1] This is insufficient under Ninth Circuit Law. As comparison, the panel in Starr v. Baca broke out how the plaintiff in that case successfully alleged a deliberate indifference claim again the Sheriff of Los Angeles County:

> First, [plaintiff's] complaint makes detailed factual allegations that go well beyond reciting the elements of a claim of deliberate indifference.... [Plaintiff] specifically alleges numerous incidents in which inmates....have been killed or injured because of the culpable actions of the subordinates of [supervisor]. The complaint specifically alleges that [supervisor] was given notice of all these incidents. It specifically alleges, in addition, that [supervisor] was given notice, in several reports, of systemic problems in the court jails under his supervision that have resulted in these deaths and injuries. Finally, it alleges that [supervisor] did not take action to protect inmates under his care despite the dangers, created by the actions of his subordinates, of which he had been made aware...

---

[1] Clearly, any acts alleged to have been committed by "Defendants' agents" will not be chargeable to defendants Grounds and Swarthout under a vicarious liability theory.

7

Starr v. Baca, 652 F.3d at 1216.

No such detail is provided in plaintiff's amended complaint.  Plaintiff provides no information about how defendants Swarthout and Grounds failed to supervise their subordinates. Instead, for example, the court is left to guess who, among the "Defendants, one or more agents of CDCR, Grounds, and/or DOES 1-50" actually ignored plaintiff's requests regarding his medical restrictions and refused to check his medical classification.  See Complaint, ¶ 18. Absent more information about what defendants Swarthout and Grounds knew, and how they failed to act in spite of that knowledge, or about some policy which was the driving force behind the alleged constitutional violations, plaintiff has failed to state a colorable claim against these individual defendants.  Counts Four and Five should be dismissed with leave to amend.

To the extent defendants argue that Counts Four and Five should be dismissed because defendants Swarthout and Grounds are entitled to immunity under the Eleventh Amendment, defendants' argument should be overruled, because defendants Swarthout and Grounds are not sued in their official capacity, as defendants incorrectly argue.  See Doc. No. 11-1 at 5.

Count Six

Count Six should be dismissed, as plaintiff has agreed that it is not colorable.  See Doc. No. 13 at 8.

Counts Seven, Eight and Nine

Counts Seven, Eight and Nine should proceed.  Defendants argue that defendants Grounds and Swarthout are immune from suit under California law based on the negligence, failure to act, or intentional act of any other person, pursuant to California Government Code §§ 820.8 and 844.6(d).  Defendants additionally argue that defendants Grounds and Swarthout are immune from suit under California law based on an exercise of discretion, whether or not they abused their discretion.  Defendants do not cite any authority in support of their second argument, but it appears to be based on California Government Code § 820.2, which reads in

pertinent part that "a public employee is not liable for an injury resulting from his act or omission where the act or omission was the result of the exercise of the discretion vested in him, whether or not such discretion be abused." Defendants further argue that, because neither Grounds nor Swarthout are alleged to have been personally involved in any of the allegedly injurious conduct, they are immune from suit. See Doc. No. 11-1 at 8.

As noted above, it is not apparent, on the current record, whether plaintiff's injuries were the result of the "negligence, failure to act, or intentional act" of some person other than defendants Grounds or Swarthout, and it would accordingly be premature to determine at this stage that defendants are immune from suit under §§ 820.8 and 844.6(d).

It would additionally be premature to determine that defendants Grounds and Swarthout are immune under § 820.2. Under California law, this immunity protects only "basic policy decisions," but does not protect "operational" or "ministerial" decisions that merely implement a basic policy decision. See Martinez v. City of Los Angeles, 141 F.3d 1373, 1379 (9th Cir. 1998), citing Johnson v. State of California, 69 Cal.2d 782, 796 (1968). "There is no immunity 'if the injury....results, not from the employee's act of discretion vested in him to undertake the act, but from his negligence in performing it after having made the discretionary decision to do so." Id. Whether or not defendants are entitled to immunity under § 820.2 is not a question of law, but instead one of fact that this court cannot determine on the current record.

Plaintiff's Request for Leave to Amend

Plaintiff seeks leave to amend if the court decides to grant any portion of defendants' motion. As the court recommends dismissing Counts Three, Four, Five and Six, the court will recommend that the plaintiff be granted leave to amend the complaint within 14 days of the filing date of any order adopting these findings and recommendations.

In accordance with the above, IT IS HEREBY RECOMMENDED that

1. Defendants' motion to dismiss, filed September 25, 2012, (Doc. No. 11) be granted as to Counts Three, Four, Five and Six, and denied as to all remaining counts; and

        2. Plaintiff be granted leave to amend the first amended complaint within 14 days of the filing date of any order adopting these findings and recommendations.

        These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 19, 2012

                          /s/ Gregory G. Hollows
                 UNITED STATES MAGISTRATE JUDGE

ggh:rb
monc0414.8.