UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILIP MONCRIEF,<br><br>                     Plaintiff,<br><br>         v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,<br><br>                     Defendants. | No.  2:12-cv-0414 MCE AC P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, a state prisoner, proceeds through counsel with an amended civil rights complaint filed pursuant to 42 U.S.C. § 1983.  Following resolution of defendants' earlier filed motion to dismiss, plaintiff proceeds on counts one, two, seven, eight and nine of the first amended complaint filed September 4, 2012.  Defendants' amended motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) came before the court for hearing on August 28, 2013.  Lyndon Y. Chee appeared for plaintiff.  Kelli Hammond appeared for defendants.

        I.        <u>Allegations in the First Amended Complaint</u>

Plaintiff is a disabled prisoner currently housed at the California Medical Facility ("CMF") in Vacaville, California.  <u>See</u> ECF No. 9 at ¶ 1.  He is a Chronic Medical Patient with severe chronic obstructive pulmonary disease and other medical issues.  <u>Id.</u> at ¶ 16.  As of November 2010, plaintiff had medical chronos restricting his housing placement to the ground floor and not being required to ascend or descend stairs.  <u>Id.</u>  On or about November 18, 2010,

plaintiff was being transferred from Avenal State Prison ("ASP") and the bus stopped overnight at Correctional Training Facility ("CTF") in Soledad, California. Id. at ¶ 17. Plaintiff alleges that Defendants, one or more agents of CDCR, Grounds and/or DOES 1-50 (collectively, "Defendants") ignored his protests regarding his medical restrictions, failed and refused to check his medical classifications and restrictions, and placed him in a cell on the third floor at CTF. Id. at ¶ 18. The next morning, with no escort or safe path to travel, he fell down the stairs and was knocked unconscious. Id. at ¶ 19. Plaintiff suffered severe spinal and head injuries including a subdural hematoma, post-concussion syndrome, a 70% compression of T12 and additional injuries of T11and L1, and a broken back in three places. Id. at ¶ 20. During a subsequent trip between Stanford Hospital and Solano State Prison ("SSP"), plaintiff was improperly transported by SSP agents and became paralyzed. Id. at ¶ 22. After treatment at various hospitals, plaintiff spent between three and five months at CTF, and some feeling in his limbs returned. Id. at ¶¶ 24-25. A specialist determined that he needed to be in a wheelchair. Id. at ¶ 25. Plaintiff was transferred to CMF in May 2011. Id. at ¶ 26. At CTF and CMF, plaintiff has been housed in general population. Id. at ¶¶ 25-26. Plaintiff alleges that CDCR regulations, as well as local and federal laws, prohibit housing wheelchair-bound prisoners in general housing areas. See Id.

II.   Rule 12(b)(6)

Defendants move to dismiss the remaining portion of the first amended complaint under Fed. R. Civ. P. 12(b)(6). See ECF No. 25. Plaintiff opposes the motion. ECF Nos. 27, 28.

The purpose of a motion to dismiss pursuant to under Rule 12(b)(6) is to test the legal sufficiency of the complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 91 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light

2

1  most favorable to the plaintiff.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Love v.
2  United States, 915 F.2d 1242, 1245 (9th Cir. 1989).  However, the court need not accept as true
3  conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.  Western
4  Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  A motion to dismiss for failure to
5  state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set
6  of facts in support of the claim that would entitle him to relief.  See Hishon, 467 U.S. at 73 (citing
7  Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); see also Palmer v. Roosevelt Lake Log Owners
8  Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

### III. Defendants' Motion

Defendants assert: (1) plaintiff's request for injunctive relief for violations of the ADA and RA in counts one and two may only be brought under the existing Armstrong class action; (2) plaintiff has failed to state facts sufficient to maintain causes of action for monetary damages against any defendant in any count; and (3) plaintiff failed to comply with the Tort Claims Act with regard to his claim for negligent supervision.  See ECF No. 25.  Plaintiff opposes the motion.  See ECF Nos. 27, 28.

#### Injunctive Relief under the ADA and RA

In counts one and two, plaintiff seeks declaratory and injunctive relief from the California Department of Corrections ("CDCR") under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"), and section 504 of the Rehabilitation Act, 29 U.S.C. § 794 et seq. ("RA"), respectively.  "Title II of the ADA and § 504 of the [RA] both prohibit discrimination on the basis of disability."  Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002).  Title II of the ADA and the RA apply to inmates within state prisons.  See Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 210 (1998); see also Armstrong v. Wilson, 124 F.3d at 1023.

A district court may dismiss an individual suit for injunctive and equitable relief from an alleged unconstitutional prison condition where there is a pending class action suit involving the same subject matter.  Crawford v. Bell, 599 F.2d 890, 892-93 (9th Cir. 1979); see also McNeil v. Guthrie, 945 F.2d 1163, 1165 (10th Cir. 1991) ("Individual suits for injunctive and equitable relief from alleged unconstitutional prison conditions cannot be brought when there is an existing

3

1 class action. To permit them would allow interference with the ongoing class action. Claims for
2 equitable relief must be made through the class representative until the class action is over or the
3 consent decree is modified.").

4     Plaintiff's requests for declaratory and injunctive relief under the ADA and RA may be
5 brought only as part of the existing class action Armstrong v. Davis, et al., No. 3:94-cv-2307 CW
6 (N.D. Cal.). The Armstrong class action was filed in 1994 by "[a] certified class of all present
7 and future California state prison inmates and parolees with disabilities [who] sued California
8 state officials in their official capacities, seeking injunctive relief for violations of the RA and the
9 ADA in state prisons." See Armstrong v. Wilson, 124 F.3d 1019, 1021 (9th Cir. 1997); see also
10 Armstrong v. Davis, et al., No. 3:94-cv-2307 CW (N.D. Cal.)). In Armstrong, No. 94-cv-2307,
11 the Northern District of California found that defendants had violated the ADA and RA, and
12 entered a remedial order and injunction under which CDCR (formerly CDC) must evaluate its
13 programs and develop remedial plans to remedy violations of the ADA and RA while plaintiffs
14 monitor defendants' compliance. See Armstrong v. Davis, 318 F.3d 965, 968 (9th Cir. 2003); see
15 also Armstrong Remedial Order (ECF No. 25-1), Armstrong Remedial Plan dated January 8,
16 1999 (ECF No. 25-2), and the Armstrong Remedial Plan as amended January 3, 2001 (ECF No.
17 25-3).[1]

18     Plaintiff alleges that he is a "Chronic Medical Patient with severe chronic obstructive
19 pulmonary disease (COPD) and other medical issues," including mobility impairment. ECF No.
20 9 at ¶ 16. He further alleges he is "a qualified individual with a disability within the meaning of
21 Title II of the ADA" and "within the meaning of the [RA] because he has physical impairments
22 that substantially limit one or more of his major life activities." Id. at 34, 45. Based on these
23 allegations, plaintiff is a member of the Armstrong class. Plaintiff seeks relief under the ADA
24 and RA to accommodate his "current housing needs" in accordance with his disabilities and to

---

25 [1] Defendants' request for the court to take judicial notice of the exhibits at ECF Nos. 25-1, 25-2
26 and 25-3 is granted. See Fed. R. Evid. 201(b); United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004) (a court may take judicial notice of court records in another case); Mack v. South
27 Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986) (in deciding a motion to dismiss, a court may consider matters of public record, including pleadings and other papers filed with
28 another court).

"modify their facilities, programs, activities and services as necessary" to accommodate all individuals with disabilities. ECF No. 9 at ¶¶ 37, 47. Such relief is squarely covered by the Armstrong class action. See ECF Nos. 25-2, 25-2, 25-3. Accordingly, plaintiff's claims for declaratory and injunctive relief under the ADA and RA in counts one and two may be brought in the Armstrong class action and should be dismissed from this action.

        Monetary Damages under the ADA and RA

Plaintiff also seeks monetary damages from CDCR in counts one and two. In order to state a claim of disability discrimination under Title II of the ADA, a plaintiff must allege four elements: "(1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services ... or was otherwise discriminated against by the public entity; and (4) such exclusion, denial ... or discrimination was by reason of his disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004) (citation, internal quotation marks and alteration omitted). The elements of an RA claim are "'materially identical to and the model for the ADA, except that it is limited to programs that receive federal financial assistance -- which the [California] prison system admittedly does....'" Armstrong v. Davis, 275 F.3d at 862, n. 17. To recover monetary damages under Title II of the ADA or the RA, a plaintiff must establish intentional discrimination on the part of the defendants. Ferguson v. City of Phoenix, 157 F.3d 668, 674 (9th Cir. 1998).

    Here, plaintiff alleges only in conclusory terms that he was denied "necessary accommodations, modifications, services, and/or access necessary to enable him to participate on an equal basis in Defendants' programs, services, and activities." ECF No. 9 at ¶¶ 36-37, 49-50. This "formulaic recitation of the elements" of the cause of action does not suffice to state a claim. See Iqbal, 556 U.S. at 678. In addition, plaintiff fails to allege facts allowing an inference of intentional discrimination by CDCR, which is absolutely required to recover monetary damages. See Duvall v. Cnty of Kitsap, 260 F.3d 1124, 1138-39 (9th Cir. 2001) (holding that claims for monetary relief under Title II of the ADA require the plaintiff to establish intentional discrimination based on deliberate indifference, namely: "both knowledge that a harm to a

federally protected right is substantially likely, and a failure to act upon that… likelihood"). Accordingly, plaintiff's claims for monetary damages under the ADA and RA in counts one and two should be dismissed for failure to state a claim.

State Law Claims

In counts seven, eight and nine, plaintiff seeks damages from defendants Grounds and Swarthout under state-law theories of negligence, negligent supervision, and intentional infliction of emotional distress.

Plaintiff's claims for negligence and negligent supervision require him to show that defendants Grounds and Swarthout breached a legal duty to use due care which was the proximate or legal cause of his injury. Truong v. Nguyen, 156 Cal.App.4th 865, 875 (2007) (elements of negligence); Thompson v. Sacramento City Unified School Dist., 107 Cal.App.4th 1352 (2003) (to establish a claim of negligent supervision, a plaintiff must prove the traditional elements of actionable negligence). To state a claim for intentional infliction of emotional distress, plaintiff must allege facts demonstrating: (1) extreme and outrageous conduct by the defendant with the intent of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Christensen v. Superior Court, 54 Cal.3d 868 (1991).

The Federal Rules of Civil Procedure require a claim for relief to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must "give the defendant fair notice of what the… claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555 (internal quotations omitted). "Conclusory allegations of law… are insufficient to defeat a motion to dismiss" (Lee v. City of Los Angeles, 250 F.3d 668, 679 (9th Cir. 2001)), and "a formulaic recitation of the elements of a cause of action" will not suffice to state a claim. Twombly, 550 U.S. at 555.

Here, plaintiff's state law tort claims consist solely of recitations of legal elements and conclusory statements as to the involvement of defendants Grounds and Swarthout, the wardens at CTF and SSP, respectively. ECF No. 9 at ¶¶ 10-11. There are no facts that plausibly suggest

plaintiff is entitled to relief and the allegations are not sufficient to give defendants notice of the grounds upon which the claims rest. See Iqbal, 662 U.S. at 681. For these reasons, plaintiff's state law claims should be dismissed for failure to state a claim.

### California Tort Claims Act

Under the California Tort Claims Act ("CTCA"), no action for damages may be commenced against a public entity or employee unless a government claim satisfying section 910 has been submitted and denied. Cal. Gov't Code §§ 905, 911.2(a) 945.4 & 950.2; see also Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). The touchstone of the relevant analysis is whether the allegations in the complaint are "fairly reflected" in the government claim. Fall River Joint Unified School Dist. v. Superior Court, 206 Cal.App.3d 431, 434 (1988). A complaint is subject to dismissal "if it alleges a factual basis for recovery which is not fairly reflected in the written claim." Id. at 435.

Plaintiff filed a government claim regarding his fall down the stairs at CTF. ECF No. 25-4 at 4. He explained he believed the state was responsible for his injuries based on the failure to "instruct, [e]nforce, and train state corrections worker and staff to be competent (sic)." ECF No. 25-4 at 4 (emphasis added). Construing plaintiff's government claim liberally, his allegation that the state failed to "[e]nforce… worker[s] and staff" fairly reflects a claim of negligent supervision based on the fall down the stairs, but only against defendant Grounds, who was the Warden at CTF where the fall occurred. The negligent supervision claim against defendant Swarthout should be dismissed not only for failure to state a claim, but also for non-compliance with the CTCA.

### Leave to Amend

Plaintiff requests leave to amend his complaint a second time in the event that defendants' motion is granted. Leave to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Where leave to amend has been previously granted, a district court's discretion in whether to grant leave to amend a subsequent time is particularly broad. Chodos v. W. Publ'g Co., 292 F.3d 992, 1003 (9th Cir. 2002).

////

In the interests of justice, plaintiff should be allowed one final opportunity to attempt to correct the deficiencies in his claims for monetary damages under the ADA and RA and his state law claims, except for the negligent supervision claim against defendant Swarthout.  Leave to amend on the claims for declaratory and injunctive relief under the ADA and RA and on the negligent supervision claim against defendant Swarthout should not be granted for the reasons discussed.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Defendant's amended motion to dismiss (ECF Nos. 25, 29) be granted;
2. Plaintiff's first amended complaint be dismissed;
3. Within thirty days of any order adopting these findings and recommendations, plaintiff be granted leave to file a second amended complaint setting forth his claims for monetary damages under the ADA and RA and his state law claims, except for the negligent supervision claim against defendant Swarthout.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be filed and served within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 29, 2013

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

AC:ls//monc0414.oah.57

8