UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILIP MONCRIEF,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants. | No. 2:12-cv-00414-MCE-AC-P<br><br>FINDINGS AND RECOMMENDATION |

Plaintiff is a state prisoner proceeding in forma pauperis and through counsel with a second amended civil rights right complaint pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure came before the court for hearing on March 19, 2014. Lyndon Y. Chee appeared for plaintiff. Kelli Hammond appeared for defendants. For the reasons discussed below, the court will recommend that the motion to dismiss be granted in part and denied in part.

I.      Factual Background.

The second amended complaint, which is the operative pleading before the court, was filed on November 7, 2013. ECF No. 34. In it, plaintiff alleges that he is a disabled prisoner who has been diagnosed with severe chronic obstructive pulmonary disease as well as other medical

1  issues. Id. at 4. He was issued a Comprehensive Accommodation Chrono on July 28, 2010
2  which restricted his housing to the lower bunk in a lower tier cell and included an order that he
3  not be required to ascend or descend stairs. See ECF No. 34 at Exhibit A (Chrono).

4  Plaintiff alleges that while being transferred from Avenal State Prison to Solano State
5  Prison ("SSP") on November 18, 2010, the prison bus stopped overnight at the California
6  Training Facility ("CTF") in Soledad. Id. at 4-5. There he was placed in a third floor cell which
7  required him to climb up three flights of stairs with "no escort or safe path of travel." Id. at 5. At
8  2:00 a.m. he was awakened and ordered downstairs to complete his prison transfer to SSP. Id. At
9  the time, plaintiff was "under the influence of morphine and anti-anxiety medications which
10 impaired his ability to walk and increased his risk of falling." Id. Plaintiff proceeded half way
11 down the stairs between the second and third floors by himself, but then fell down the remaining
12 six to seven stairs to the next landing. Id. As a result, plaintiff was knocked unconscious and
13 "suffered severe lumbar spinal and head injuries including a subdural hematoma, post-concussion
14 syndrome… a broken back in three places and arm and leg injuries." Id.

15 Plaintiff was transported to and treated at Natividad Hospital in Salinas, California before
16 he was transferred to Stanford Medical Center due to the severity of his condition. Id. at 5-6.
17 Plaintiff further alleges that he suffered extreme pain during the transport to Stanford Hospital as
18 well as from Stanford Hospital to SSP on unidentified dates because he was transferred in a
19 vehicle rather than in an ambulance. Id. at 6.

20 Upon plaintiff's arrival at SSP in Vacaville, he had urinated on himself and had become
21 partially paralyzed. Id. "Defendants' agents panicked and called the fire department who lifted
22 plaintiff out of the car and into an ambulance and took him to San Joaquin General Hospital at
23 French Camp, California." Id.

24 After a brief stay at the hospital, nine unnamed CDCR officers arrived to transport
25 plaintiff who refused to leave the hospital without further treatment. Id. at 7. He pulled out his
26 IVs in protest, spraying blood everywhere. Id. Instead of being transferred to another hospital for
27 further diagnosis and treatment, plaintiff was once again transported back to CTF. Id.
28 During his three to five month stay at CTF, plaintiff was housed in general population despite the

fact that he was in a wheelchair due to his medical condition.  Id.  After filing grievances about his housing conditions and placement, plaintiff was transferred to CMF in Vacaville, where he remains housed.  Id.

II.     Procedural Status: Scheduling and Discovery Matters

A case management conference was held in conjunction with hearing on the instant motion to dismiss.  The court expressed concern that, although plaintiff is represented by counsel, the case has been proceeding as if brought by an inmate in pro per.  Specifically, there was no initial Rule 26 conference and has been no discovery despite the fact that the action has been pending since early 2012.[1]  The requirements of Rules 16 and 26, Fed. R. Civ. P., do not apply in full to "prisoner actions," which are defined by Local Rule as actions brought by inmates in pro per.  See Local Rules 240, 101.  This exemption does not apply here, where plaintiff has been represented by counsel from the beginning.  Where an inmate plaintiff is represented by counsel, it is not appropriate to defer discovery and scheduling until after multiple motions to dismiss and repeated rounds of amendment.  This case demonstrates the problems that can be created by treating a counseled case as a "prisoner action" and failing to proceed under Rule 26(a)(1) and (f).

The core of this case is petitioner's allegation that he sustained serious injuries on or about November 8, 2010 when unnamed staff at CTF failed to identify and/or honor his medical chrono and to appropriately accommodate his medical limitations.  If, as alleged, these staff members acted with deliberate indifference to plaintiff's serious medical need, plaintiff may prevail.  The complaint presents a very serious Eighth Amendment issue, but fails to name or even identify with specific facts the individuals responsible for failing to respond appropriately to plaintiff's condition.  Plaintiff has twice been granted leave to amend his complaint, in response to motions attacking other deficiencies in his pleading.  ECF No. 15 (Findings and Recommendations filed November 10, 2010), ECF No. 18 (adopting Findings and Recommendations), ECF No. 32

---

[1] Magistrate Judge Hollows ordered status reports when the case was initially screened, ECF No. 4 (Order filed May 24, 2012), but no such reports were filed and no Discovery and Scheduling Order ever issued.  The complaint has been amended twice.  The motion now before the court is the third motion to dismiss.  See ECF No. 11, ECF No. 21 (amended by ECF No. 25), ECF No. 35.

(Findings and Recommendations filed August 30, 2013), ECF No. 33 (Order adopting Findings and Recommendations). None of these amendments have substituted named defendants for Doe defendants, or provided factual allegations regarding the actions of individual custodial staff. Neither has plaintiff sought leave to amend to add such material. At the recent hearing, counsel confirmed that no discovery has been undertaken to identify the Doe defendants.

For the reasons set forth below, the undersigned recommends that the present motion to dismiss be granted in part and denied in part. The parties have already been directed to meet and confer, develop a discovery plan, propose a schedule for the litigation, and begin discovery expeditiously and with a focus on the actions and identities of the putative Doe defendants. ECF No. 41. Counsel have been cautioned that the pendency of the District Judge's review of these Findings and Recommendations shall not serve as a basis upon which to request any extension of time concerning scheduling and discovery matters. It is the intention of the undersigned to manage this case actively going forward. Following the District Judge's ruling on these Findings and Recommendations, an amended scheduling order will issue if appropriate.

III.   Motion to Dismiss Pursuant to Rule 12(b)(6)

Defendants move to dismiss the second amended complaint on the grounds that: (1) plaintiff has failed to state a claim pursuant to either the Americans with Disabilities Act ("ADA") or the Rehabilitation Act ("RA") because he has not shown the actions of the CDCR were based solely on plaintiff's disability; (2) plaintiff's supervisory liability claim against Defendant Grounds fails because there are no allegations that he participated in or directed the violations or knew about them and failed to prevent them; (3) the state law claims should be dismissed because the court should decline to exercise its supplemental jurisdiction; and (4) Defendant Swarthout should be dismissed because "there are neither factual allegations nor causes of action" identifying him in the second amended complaint. ECF No. 35 at 2; ECF No. 35-1 at 2, n. 1; 38 at 2 n. 1.[2]

////

---

[2] It should be noted that defendants' reply was untimely filed. See ECF No. 38 (filed on March 13, 2014); see also Local Rule 230(d).

A. <u>Standards Governing the Motion</u>.

The purpose of a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint. <u>N. Star Int'l v. Ariz. Corp. Comm'n</u>, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990). In order to survive dismissal for failure to state a claim, a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, (<u>quoting</u> 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235–236 (3d ed.2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (<u>quoting</u> <u>Twombly</u>, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, <u>reh'g denied</u>, 396 U.S. 869 (1969). A motion to dismiss for failure to state a claim should not be granted unless it appears beyond doubt that plaintiff can prove no set of facts in support of the claim that would entitle him to relief. <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984), citing <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>see also</u> <u>Palmer v. Roosevelt Lake Log Owners Ass'n</u>, 651 F.2d 1289, 1294 (9th Cir. 1981).

B. <u>Claims Under the Americans with Disabilities Act and the Rehabilitation Act</u>

    1. <u>Standards Governing Plaintiff's ADA Claim</u>

Title II of the ADA prohibits discrimination by public entities based on the availability of

5

1 services: "[N]o qualified individual with a disability shall, by reason of such disability, be
2 excluded from participation in or be denied the benefits of the services, programs, or activities of
3 a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132.
4 Moreover, it is undisputed that Title II applies to state prisons. Pennsylvania Dept. of Corrections
5 v. Yeskey, 524 U.S. 206, 209 (1998) (stating that "the statute's language unmistakably includes
6 State prisons and prisoners within its coverage").

In order to state an ADA claim, plaintiff must allege that: (1) he is an individual with a disability; (2) he is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) he was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (4) such exclusion, denial of benefits, or discrimination was by reason of his disability. O'Guinn v. Lovelock Corr. Center, 502 F.3d 1056, 1060 (9th Cir. 2007) (citations omitted).

2. Standards Governing Plaintiff's RA Claim

To state a claim under the Rehabilitation Act[3], plaintiff must show that: "(1)(1) he is an individual with a disability; (2) he is otherwise qualified to receive the benefit; (3) he was denied the benefits of the program solely by reason of his disability; and (4) the program receives federal financial assistance." Duvall v. County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001). Title II of the ADA was modeled after the Rehabilitation Act itself. Id. Therefore, the elements of the ADA and RA claim are functionally the same. For that reason, the ADA and RA claims will be addressed together for purposes of resolving defendants' motion to dismiss.

3. Analysis: Counts 1 and 2

In the first and second counts of the second amended complaint, plaintiff has failed to allege sufficient facts to support a claim for relief under the ADA or the RA.[4] See Balistreri v.

---

[3] Section 504 of the Rehabilitation Act provides: "No otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

[4] Because plaintiff is represented by counsel in the present proceedings, he is not entitled to the benefit of the liberal construction rules afforded to pro se parties. See Haines v. Kerner, 404 U.S.

6

Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Defendants correctly point out that plaintiff has failed to state any facts demonstrating that he was denied benefits or discriminated against solely by reason of his disability. ECF No. 35-1 at 9. Plaintiff's conclusory assertion that the CDCR's failure to accommodate his medical chrono was based solely on his disability is not factually supported. The second amended complaint merely states that "[d]efendants have violated Title II of the ADA by excluding Plaintiff from participation in, denying Plaintiff the benefits of, and subjecting Plaintiff to discrimination in the benefits of the services that Defendants provide." ECF No. 34 at 8. That is nothing more than a formulaic recitation of the elements of the offense, which plaintiff has already been warned is not sufficient to state a claim for relief. See ECF No. 32 at 5; see also Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a complaint must contain more than a "formulaic recitation of the elements of the cause of action"). "[T]he ADA prohibits discrimination because of a disability, not inadequate treatment for a disability." Rucker v. Trent, 2012 WL 4677741 at *4 (N.D. Cal. 2012). Plaintiff's attempt to transform his Eighth Amendment claim into a separate ADA and RA claim fails for this basic reason.

Defendants further point out that the allegations in the second amended complaint do not establish that the CDCR acted with discriminatory intent as opposed to mere negligence. There are no facts in the second amended complaint from which this court can infer intentional discrimination by the CDCR. This is an additional basis upon which to dismiss these claims. The undersigned recommends dismissing the ADA and RA claims for these two separate and independent reasons.

In Count 6, plaintiff seeks relief pursuant to Cal. Civ. Code § 54 et seq., which provides a state remedy for violations of Title II of the ADA. Because the ADA claim fails, this derivative state law claim is also subject to dismissal.

The undersigned recommends dismissing these claims without leave to amend. While

---

519, 520 (1972) (stating that pro se pleadings are to be liberally construed). To the extent plaintiff specifically requested the benefit of such rule during the hearing on the motion to dismiss, the undersigned denies his request.

1  leave to amend "shall be freely given when justice so requires," counsel for plaintiff has already
2  been provided two opportunities to amend his complaint to correct deficiencies. See Fed. R. Civ.
3  P. 15(a)(2); see also ECF No. 32 at 8 (Findings and Recommendations recommending leave to
4  amend be granted); ECF No. 33 (Order adopting Findings and Recommendation); ECF No. 15
5  (Findings and Recommendations recommending leave to amend); ECF No. 18 (Order adopting
6  Findings and Recommendation). Further leave to amend is unwarranted.

     C. Claims Under 42 U.S.C. Section 1983

        1. Governing Eighth Amendment Principles

9  In order to state a § 1983 claim for violation of the Eighth Amendment based on
10 inadequate medical care, plaintiff must allege "acts or omissions sufficiently harmful to evidence
11 deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct.
12 285, 292 (1976). To prevail, plaintiff must show both that his medical needs were objectively
13 serious, and that defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501
14 U.S. 294, 299, 111 S. Ct. 2321, 2324 (1991); McKinney v. Anderson, 959 F.2d 853 (9th Cir.
15 1992) (on remand). The requisite state of mind for a medical claim is "deliberate indifference."
16 Hudson v. McMillian, 503 U.S. 1, 4, 112 S. Ct. 995, 998 (1992).

17 The Supreme Court has defined a very strict standard for "deliberate indifference." See
18 Farmer v. Brennan, 511 U.S. 825 (1994). Neither negligence nor civil recklessness is sufficient.
19 Farmer, 511 U.S. at 835, 836-37. Neither is it sufficient that a reasonable person would have
20 known of the risk or that a defendant should have known of the risk. Id. at 842, 114 S. Ct. at
21 1981. A prison official acts with deliberate indifference only if the official knows of and
22 disregards an excessive risk to inmate health and safety. See Gibson v. County of Washoe,
23 Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002).

        2. Standards Governing Direct Participation and Supervisory Liability

25 In a § 1983 action, an official is liable for his own conduct and cannot be held liable for
26 the misconduct of his subordinates under a theory of respondeat superior liability. See Monell v.
27 New York Dep't of Social Servs., 436 U.S. 658, 690-92 (1992). When a named defendant holds
28 a supervisory position, the causal link between him and the claimed constitutional violation must

8

be specifically alleged and proved. See Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438,441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To establish a prima facie case of supervisor liability, a plaintiff must show facts to indicate that the supervisor defendant either: (1) personally participated in the alleged deprivation of constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) promulgated or implemented a policy "so deficient that the policy itself 'is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).[5] A failure to train or supervise can amount to a "policy or custom" sufficient to impose liability under Section 1983. See City of Canton, 489 U.S. 378, 389-90 (1989); see also Long v. County of Los Angeles, 442 F.3d 1178 (9th Cir. 2006). A supervisory liability claim can therefore be predicated on a failure to train subordinates. Long, 442 F.3d 1178.

The Supreme Court has applied an "objective standard" to a claim of deliberate indifference for failure to train and supervise. See Farmer, 551 U.S. at 841. "[I]t may happen that in light of the duties assigned to specific officers or employees the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need." City of Canton, 489 U.S. 378, 390 (1989). Here, the policymaker is alleged to be the Warden of the California Training Facility in Soledad, Defendant Grounds.

The foregoing standards for Section 1983 supervisor liability claims must be read in light of the federal courts' liberal notice pleading requirements. Federal Rule of Civil Procedure 8 simply requires that a pleading include a "short and plain statement of the claim showing that the pleader is entitled to relief." The claimant does not have to set out in detail all the facts upon which a claim is based, but must provide a statement sufficient to put the opposing party on

---

[5] The Ninth Circuit Court of Appeals offered alternative elements to impose section 1983 liability on a supervisor: "'(1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" Jeffers, 267 F.3d at 915 (quoting Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991)).

notice of the claim.

### 3. Analysis: Counts 4 and 5

Defendants assert that Counts 4 and 5, which allege Eighth Amendment violations, fail to state a claim against Defendant Grounds because they do not allege his personal participation in the alleged incidents.

While it is true that there are no specific factual allegations that Warden Grounds was present during the alleged incidents or that he directly supervised the actions of the Doe Defendants, plaintiff is proceeding with these claims based on Defendant Grounds' failure to train the unnamed staff at CTF. See ECF No. 34 at 12 (stating that "Defendants Grounds failed to adequately supervise and train, or were [sic] deliberately indifferent to the training and supervision of their subordinates, and that such failure was a proximate cause of Plaintiff's injuries."); see also Lee v. City of Los Angeles, 250 F.3d 668, 681-82 (9th Cir. 2001) (stating that "to prevail on their § 1983 claims, plaintiffs must have sufficiently alleged that: (1) they were deprived of their constitutional rights by defendants and their employees acting under color of state law; (2) that the defendants have customs or policies which "'amount[ ] to deliberate indifference' " to their constitutional rights; and (3) that these policies are the "'moving force behind the constitutional violation[s].'") (internal citations omitted). Defendants' motion to dismiss does not address this theory of liability as to Defendant Grounds.

To the extent (if any) that plaintiff seeks to hold Defendant Grounds liable for personal participation in the alleged misconduct, or for failing to act to prevent specific Eighth Amendment violations of which he was aware, the motion to dismiss should be granted. Leave to amend is not appropriate, as there is no indication that facts exist which could be alleged to cure the defect. However, the undersigned finds that the second amended complaint has sufficiently stated a supervisory liability claim against Warden Grounds based upon his failure to train his subordinates. Accordingly, the motion should be denied as to that theory of liability. Should the District Judge disagree regarding the sufficiency of the failure to train claim under Rule 12(b)(6), the undersigned recommends in the alternative that the claim be dismissed with leave to amend.

////

### 4. Due Process Violation: Count 3

Plaintiff conceded in his papers as well as during oral argument that Count 3 is duplicative of the Eighth Amendment allegations in Count 4. ECF No. 37 at 13. Plaintiff does not oppose dismissal of Count 3 as duplicative. Accordingly, and because Count 3 states no independent basis for a due process violation, the undersigned recommends that Count 3 be dismissed without leave to amend.

### D. Supplemental State Law Claims (Counts 7-9)

In the current motion to dismiss, defendants do not argue they are immune from suit for state law claims. Compare ECF No. 11-1 at 7-8 with ECF No. 35-1 at 13. Nor do they address the sufficiency of the allegations to state a claim. They argue only that this court should decline to exercise its pendent jurisdiction over these claims. Id. In support of this argument defendants cite Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343 (1988), which concerns a district court's discretion to remand a removed case to state court once all federal-law claims have dropped out of the action and the only remaining claims are pendent state-law claims. Because the undersigned recommends denying the motion to dismiss as to plaintiff's Eighth Amendment claims, which support continuing federal question jurisdiction, Carnegie-Mellon does not apply. The undersigned therefore recommends denying the motion to dismiss with respect to Count 7 (negligence against Grounds and Does 1-50), Count 8 (negligent supervision against Grounds) and Count 9 (intentional infliction of emotional distress against Grounds).[6]

### E. Defendant Swarthout

With respect to any allegations involving Defendant Swarthout, the undersigned recommends granting the motion to dismiss. First and foremost, none of the counts in the second amended complaint expressly name Defendant Swarthout. The ADA and RA claims have previously been limited such that they proceed solely against the CDCR. See ECF No. 15 at 6. Defendant Swarthout is specifically excluded from Counts 3-6 as well as Counts 8-9 by the terms of the second amended complaint, and plaintiff has named only "Individual Grounds and Does 1-

---

[6] Plaintiff's other state law claim, Count 6, is brought pursuant to Cal. Gov. Code § 54 et seq. and is addressed above in connection to plaintiff's ADA claim, of which it is derivative.

50" in Count 7.  In sum, plaintiff appears to have amended the complaint so as to delete his claims against Defendant Swarthout.  Even ignoring the inartfulness of the captions for each count in the second amended complaint, there are no specific factual allegations indicating Warden Swarthout's involvement in or knowledge of the alleged misconduct.  See ECF No. 15 at 7 (noting same deficiency).  There are no failure to train allegations made as to Swarthout.  For these separate and independent reasons, Defendant Swarthout should be dismissed from this action.  Such dismissal should be without prejudice.

IV.     Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The motion to dismiss (ECF No. 35) be granted without further leave to amend as to the following claims and defendants:

   a. The ADA and RA claims against the CDCR (Counts 1 and 2);

   b. The due process claim alleged in Count 3;

   c. The Eighth Amendment claims against Defendant Grounds based on his personal participation; and

   d. Claim 6 against CDCR for violation of cal. Civ. Code § 54 et seq.;

2. The motion to dismiss be granted without prejudice as to Defendant Swarthout;

3. The motion to dismiss be denied as to:

   a. The Eighth Amendment claims (Counts 4 and 5) against Defendant Grounds for his failure to train; and,

   b. The state law claims alleged in Counts 7-9; and

4. The Second Amended Complaint be allowed to proceed solely on Counts 4 and 5 (the Eighth Amendment claims) and Counts 7-9 (the negligence and emotional distress claims) against Defendants Ground and Does 1-50 pending further discovery and plaintiff's anticipated motion to amend the complaint to identify the Doe Defendants.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written

1  objections with the court and serve a copy on all parties.  Such a document should be captioned

2  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

3  objections shall be served and filed within fourteen days after service of the objections.  The

4  parties are advised that failure to file objections within the specified time may waive the right to

5  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

6  DATED: March 24, 2014

/s/ Allison Claire
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

13