UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILIP MONCRIEF, | No. 2:12-cv-0414 MCE AC P |
| Plaintiff, | |
| v. | FINDINGS & RECOMMENDATIONS |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding through counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. Presently before the court is defendants' motion to dismiss defendant California Department of Corrections and Rehabilitation ("CDCR") and Count V of the third amended complaint. ECF. No. 62.

Plaintiff has conceded that there is no legitimate basis for opposing the motion to dismiss defendant CDCR (ECF No. 67 at 2, ¶ 6), and the motion to dismiss with respect to the claims against CDCR was deemed unopposed (ECF No. 68 at 2). Defendant CDCR will therefore be dismissed from this case. This leaves defendants' motion to dismiss Count V of the third amended complaint, plaintiff's claim for intentional infliction of emotional distress. The court has determined that a hearing on the motion is not necessary and the motion will be decided on the papers.

1

I.        Plaintiff's Allegations

In relevant part, plaintiff claims that defendants Grounds, Gorham, and Frias engaged in extreme and outrageous conduct that was intended to cause plaintiff severe emotional distress. ECF No. 55 at 12-13, ¶ 68. Specifically he alleges that he was housed at the Correctional Training Facility ("CTF"), where the defendants were employed, during a layover stop during his transfer to a new prison. Id. at 5, ¶ 29. At the time he was transferred, he had housing restrictions that "included being housed on the ground floor, having a bottom bunk, and not being required to ascend or descend stairs." Id., ¶ 28. Defendant Gorham was responsible for making housing assignments for layover inmates like plaintiff and, despite having plaintiff's file, which documented his housing restrictions, and being advised of the restrictions by plaintiff, housed plaintiff on the third floor. Id. at 6, ¶¶ 34-35.

At approximately 2:00 a.m. plaintiff was woken by defendant Frias, who ordered plaintiff to go downstairs. Id. at 7, ¶ 37. Plaintiff alleges that Frias "disregarded the fact that Plaintiff was under the influence of morphine and anti-anxiety medications which impaired his ability to walk and increased his risk of falling, and knew or should have known that Plaintiff had housing restrictions that required he not be required to ascend or descend stairs." Id. Frias failed to assist plaintiff down the stairs and plaintiff fell while attempting to descend, resulting in serious physical injuries. Id., ¶ 37, 39.

Plaintiff alleges that defendant Grounds failed to adequately train defendants Gorham and Frias, proximately causing his injuries. Id. at 6-7, ¶¶ 36, 38. He further alleges that "Grounds engaged in conduct intended to humiliate, embarrass, and instill fear in Plaintiff" and that his conduct "subjected Plaintiff to cruel and unjust hardship in conscious disregard of his rights, and was offensive, oppressive, fraudulent and despicable." Id. at 13, ¶¶ 68, 71.

II.       Motion to Dismiss

    A.        Legal Standard for Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6)

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level."

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Id. (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004)).  "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Rex Hosp. Tr., 425 U.S. 738, 740 (1976), and construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421, reh'g denied, 396 U.S. 869 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'"  Nat'l Org. for Women, Inc. v. Scheidler, 510 U.S. 249, 256 (1994) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992)).  The court need not accept legal conclusions "cast in the form of factual allegations."  W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

B.      Intentional Infliction of Emotional Distress

The elements of a prima facie claim for intentional infliction of emotional distress are as follows: "(1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct."  Davidson v. City of Westminster, 649 P.2d 894, 901 (Cal. 1982) (citations omitted).  For conduct to be outrageous, it "must be so extreme as to exceed all bounds of that usually tolerated in a civilized community."  Id.

> It is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so. Where reasonable men may differ, it is for the jury, subject to the

> control of the court, to determine whether, in the particular case, the conduct has been sufficiently extreme and outrageous to result in liability.

Slaughter v. Legal Process & Courier Serv., 209 Cal. Rptr. 189, 196 (Cal. Ct. App. 1984) (quoting Golden v. Dungan, 97 Cal. Rptr. 577, 586 (Cal. Ct. App. 1971)) (internal quotations omitted).

"'It is not enough that the conduct be intentional and outrageous. It must be conduct directed at the plaintiff, or occur in the presence of a plaintiff of whom the defendant is aware.'" Potter v. Firestone Tire & Rubber Co., 863 P.2d 795, 819-20 (Cal. 1993) (quoting Christensen v. Superior Court, 820 P.2d 181, 202 (Cal. 1991)) (emphasis by Potter court). "The requirement that the defendant's conduct be directed primarily at the plaintiff is a factor which distinguishes intentional infliction of emotional distress from the negligent infliction of such injury." Christensen, 820 P.2d at 904 (citing Ochoa v. Superior Court, 703 P.2d 1, 4-5, fn. 5 (Cal. 1985) (in bank)).

### C. Discussion

Defendants argue that plaintiff's claims for intentional infliction of emotional distress should be dismissed because plaintiff has failed to plead sufficient facts to establish severe emotional distress or that defendants engaged in extreme and outrageous conduct. ECF No. 6-7.

A significant portion of plaintiff's response is spent reiterating the facts stated in the third amended complaint, including a number of facts that have nothing to do with plaintiff's allegations against defendants Grounds, Gorahm, or Frias. ECF No. 69 at 2-5. Plaintiff's argument focuses almost exclusively on the claims against defendant Gorahm with only a passing reference to the allegations against defendant Frias and no mention of the allegations against defendant Grounds. Id. at 7-8. He requests leave to amend if the court is inclined to grant the motion to dismiss. Id. at 8.

Defendants' reply argues that plaintiff ignores the current standard for motions to dismiss pursuant to Rule 12(b)(6) (ECF No. 70 at 2-3) and focuses on the lack of factual allegations

/////

4

against defendants Grounds and Frias (id. at 3-5).  No further argument is made regarding the sufficiency of the allegations against Gorham.  Id.

### 1. Defendant Grounds

Plaintiff's only specific allegation against defendant Grounds is that he failed to properly train defendants Gorham and Frias in the applicable policies and procedures.  ECF No. 55 at 6-7, ¶¶ 36, 38.  Not only does this fail to establish action taken towards plaintiff or in plaintiff's presence, which is necessary for a claim of intentional infliction of emotional distress, but it is insufficient to support the claim that Gounds' conduct was "intended to humiliate, embarrass, and instill fear in Plaintiff."  Id. at 13, ¶ 68.  Even though the court will "presume that general allegations embrace those specific facts that are necessary to support the claim," Nat'l Org. for Women, Inc., 510 U.S. at 256 (quoting Lujan, 504 U.S. at 561), plaintiff offers no specific facts to support his general allegations.

Even assuming all the facts alleged are true, plaintiff has not provided any factual basis that could support his claim that defendant Grounds intentionally caused him extreme emotional distress and this claim should be dismissed.

### 2. Defendant Frias

Plaintiff alleges that defendant Frias woke him around two in the morning and ordered him downstairs, but failed to provide plaintiff with any assistance when he began to make his way down the stairs.  ECF No. 55 at 7, ¶ 37.  He claims that Frias "disregarded the fact that Plaintiff was under the influence of morphine and anti-anxiety medications which impaired his ability to walk and increased his risk of falling" and that Frias "knew or should have known that Plaintiff had housing restrictions that required he not be required to ascend or descend stairs."  Id.  After making it approximately halfway down the first flight of stairs, plaintiff fell, resulting in significant injuries.  Id., ¶¶ 37, 39.

Plaintiff does not allege any facts from which it could be inferred that Frias knew that plaintiff was under the influence of morphine and anti-anxiety medication or that even if he was aware of the medications plaintiff was on that he had any reason to know they would impair plaintiff's mobility.  Nor are there any facts that would support that Frias knew or should have

known about plaintiff's housing restrictions and need for accommodation.  Plaintiff does not allege that Frias had access to his medical file, that he informed Frias that he had mobility limitations, or that he informed Frias that he was medicated.  There is nothing to indicate that Frias was required or had reason to double-check the appropriateness of plaintiff's housing assignment.  Moreover, in his response to the defendants' motion to dismiss, plaintiff states that he "has insufficient information regarding the knowledge of Defendant Frias, discovery may uncover his knowledge of the condition and restrictions relating to Plaintiff."  Without any knowledge of what defendant Frias knew, plaintiff's allegation that Frias intended to cause, or recklessly disregarded the probability of causing, plaintiff severe emotional distress is nothing more than speculation.  The complaint must contain factual allegations sufficient to "raise a right to relief above the speculative level."  Twombly, 550 U.S. at 555.

Plaintiff's bare factual allegations against Frias are insufficient to plead either extreme and outrageous behavior or an intent to cause, or reckless disregard for the probability of causing, emotional distress.  Defendants' motion to dismiss the claim for intentional infliction of emotional distress against defendant Frias should therefore be granted.

### 3.  Defendant Gorham

Plaintiff alleges that defendant Gorham was responsible for handling layover inmates and making their housing assignments and was responsible for plaintiff's housing assignment at CTF.  ECF No. 55 at 6, ¶ 34.  During processing, plaintiff advised defendant Gorham about his housing restrictions and protested his placement on the third tier.  Id., ¶ 35.  Plaintiff alleges that when he was being processed, Gorham was in possession of his file, which confirmed plaintiff's medical classifications and housing restrictions and that Gorham either saw the restrictions and ignored them, or failed to check them prior to assigning plaintiff to the third tier.  Id.  As a result of being housed on the third tier, plaintiff fell when trying to descend the stairs and suffered serious injuries and severe emotional distress.  Id. at 7, 13, ¶¶ 37, 39, 68.

Plaintiff's allegations against Gorham are sufficient to state a claim for intentional infliction of emotional distress.  According to the complaint, Gorham's deliberate disregard for the medical restrictions, put in place for plaintiff's safety, led to plaintiff's placement on the third

1 tier and his subsequent serious injuries.  Gorham's decision not to verify, or to verify and ignore,

2 plaintiff's medical restrictions, in light of plaintiff's notification and protests directly to Gorham,

3 could be considered extreme and outrageous.  Gorham's alleged blatant disregard for plaintiff's

4 safety is also sufficient to allege that he either intended plaintiff to suffer injury or, alternatively,

5 that he recklessly disregarded the probability of injury to a person under his control.  See Cole v.

6 Fair Oaks Fire Dept., 43 Cal. 3d 148, 155 n. 7 (1987) (noting that behavior "may be considered

7 outrageous if a defendant . . . abuses a relation or position which gives him power to damage the

8 plaintiff's interest.");

9 For these reasons, the motion to dismiss the intentional infliction of emotional distress

10 claim against Gorham should be denied.

11      D.     Leave to Amend

12 Plaintiff requests that if the court is inclined to grant the motion to dismiss that he be

13 given leave to amend.  ECF No. 69 at 2, 8.  Plaintiff has already amended his complaint on three

14 prior occasions, and nothing in his response to the motion to dismiss convinces the court that

15 leave to amend a fourth time would cure the defaults in the third amended complaint.  Especially

16 in light of the fact that plaintiff has already had an opportunity to conduct discovery and was

17 specifically directed to "focus on the action and identities of the putative Doe defendants."  ECF

18 No. 42 at 4.  If plaintiff seeks to amend his complaint again, he will need to file a motion to

19 amend, accompanied by the proposed amended complaint.[1]

20 III.     Conclusion

21 For the reasons set forth above, plaintiff fails to state a claim for intentional infliction of

22 emotional distress against defendants Grounds and Frias, and the motion to dismiss should be

23 granted as to the claim against them.  Plaintiff does state a claim against defendant Gorham, and

24 /////

---

[1] Plaintiff did not file a motion to amend with his third amended complaint.  In light of the fact that defendants responded to the complaint with a motion to dismiss (ECF No. 62) and answer (ECF No. 63), rather than a motion to strike, the court assumes they have given their written consent to plaintiff amending the complaint.  See Fed. R. Civ. P. 15(a)(2).  Plaintiff is cautioned that any future attempts to amend must be made by way of motion or include proof of defendants' written consent to plaintiff amending the complaint or they will be stricken from the record.

the motion to dismiss should be denied as to Gorham. Plaintiff's request for leave to amend should be denied.

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to partially dismiss the third amended complaint (ECF No. 62) be granted in part and denied in part as follows:

    a. Granted as to defendant CDCR and this defendant be dismissed in its entirety;

    b. Granted as to Count V against defendants Grounds and Frias; and

    c. Denied as to Count V against defendant Gorham;

2. Plaintiff's request for leave to amend be denied. If plaintiff seeks to amend the complaint, he must file a motion to amend the complaint within twenty-one days of this order. The motion must be accompanied by a proposed amended complaint. See Local Rule 137(c).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 30, 2015.

                                                /S/ Allison Claire
                                                ALLISON CLAIRE
                                                UNITED STATES MAGISTRATE JUDGE

8