1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JOHN PHILIP MONCRIEF,                    No.  2:12-cv-0414 MCE AC P

12              Plaintiff,

13        v.                                  ORDER

14   CALIFORNIA DEPARTMENT OF
     CORRECTIONS AND
15   REHABILITATION, et al.,

16              Defendants.

17

18        During a closed hearing on November 2, 2016, the court granted counsels' motion to

19   withdraw and plaintiff was given sixty days to retain replacement counsel.  ECF No. 100.

20   Plaintiff was cautioned that if replacement counsel did not file a notice of appearance by January

21   3, 2017, he would have to continue proceeding in pro se.  Id.  He was further cautioned that the

22   court would only grant an extension of time if he was making concrete progress toward securing

23   counsel.  Id.

24        On December 21, 2016, the court granted plaintiff a thirty-day extension of the time for

25   replacement counsel to make an appearance, based on plaintiff's representation that the attorneys

26   he had contacted were not willing to look at his case until after the holidays.  ECF No. 102.

27   Plaintiff was warned that no further extensions would be granted unless he showed that he was

28   close to hiring new counsel.  Id.  Plaintiff now requests that the court appoint counsel to represent

1

1   him going forward.  ECF No. 103.

2            The United States Supreme Court has ruled that district courts lack authority to require

3   counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490

4   U.S. 296, 298 (1989).  In certain exceptional circumstances, the district court may request the

5   voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d

6   1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).

7            "When determining whether 'exceptional circumstances' exist, a court must consider 'the

8   likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims

9   pro se in light of the complexity of the legal issues involved.'"  Palmer v. Valdez, 560 F.3d 965,

10  970 (9th Cir. 2009) (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)).  The burden

11  of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to

12  most prisoners, such as lack of legal education and limited law library access, do not establish

13  exceptional circumstances that would warrant a request for voluntary assistance of counsel.

14           In his request, plaintiff alleges mishandling of his case, and once again refers to the

15  court's previous comment that this case was originally being handled as if plaintiff was

16  proceeding in pro se.  ECF No. 103.  Plaintiff misunderstands the court's previous comment.  In

17  stating that the case was being handled as if plaintiff were proceeding pro se, the court was

18  referring to the way in which the case was being handled administratively.  The court was not

19  commenting on the quality of counsel's representation.  While plaintiff is correct that his previous

20  counsel was sanctioned, the sanction was for $250.00 jointly for failing to respond to defendants'

21  motion to dismiss and failing to appear at the hearing on the motion.  ECF No. 68.  It was not for

22  $500.00 each for "moving forward as if a pro per was running the suit" as plaintiff appears to

23  believe.  ECF No. 103.  Regardless, retained counsels' alleged mishandling of the case and the

24  fact that they were sanctioned does not create an exceptional circumstance warranting a request

25  for voluntary assistance of counsel.  Nor does it change the potential merit of plaintiff's claims,

26  and therefore his likelihood of success on those claims, or his ability to articulate those claims on

27  his own.  On the current record, the court is unable to assess the likelihood of success on the

28  merits and plaintiff appears able to adequately express himself and his positions.

1    Plaintiff has not met his burden of showing that extraordinary circumstances exist in this

2    case and his request for appointment of counsel will be denied.

3    Accordingly, IT IS HEREBY ORDERED that:

4    1.  Plaintiff's motion for appointment of counsel (ECF No. 103) is denied.

5    2.  The deadline for replacement counsel to appear in this case will remain February 2,

6    2017.  If replacement counsel does not appear by that date, plaintiff shall continue to proceed in

7    pro se.

8    DATED: January 26, 2017

9    _____

ALLISON CLAIRE
10   UNITED STATES MAGISTRATE JUDGE