UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PHILIP MONCRIEF,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>　　　　Defendants. | No.  2:12-cv-0414 MCE AC P<br><br><br>ORDER |

　　　　Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  On November 2, 2016, a closed hearing on plaintiff's counsel's motion to withdraw was held before the undersigned.  ECF No. 99.  Good cause appearing, the motion to withdrawal was granted and plaintiff was given sixty days to retain new counsel.  ECF No. 100.  On December 22, 2016, plaintiff's motion for an extension of time to secure representation was granted in part.  ECF No. 102.  Plaintiff was given an additional thirty days to retain counsel and was advised that if another attorney had not filed a notice of appearance by February 2, 2017, plaintiff would proceed pro se.  ECF No. 104.  At this time, no attorney has filed a notice of appearance in this case and therefore plaintiff will proceed pro se.  Plaintiff is permitted to retain counsel at any point in the future.  However, the case will continue to move forward without further extension of time for plaintiff to retain counsel.

1

Plaintiff has also requested an evidentiary hearing, stating that prison officials have been opening and inspecting his legal mail in violation of proper procedures and pursuing retaliatory charges of disciplinary violations. ECF No. 105. An evidentiary hearing is not warranted because even if officers are not following proper procedures, plaintiff does not allege that he is not receiving his legal mail and there is no indication that plaintiff is close to retaining counsel or that this failure to follow policy has somehow prevented him from obtaining counsel. Moreover, there is no basis for an evidentiary hearing for claims of retaliation by non-defendants. Accordingly, plaintiff's request will be denied.

Plaintiff has also filed a letter complaining of the medical treatment he is receiving at the institution where he is currently housed. ECF No. 106. If plaintiff wishes to pursue retaliation or deliberate indifference claims against prison officials at R.J. Donovan and California Health Care Facility, he will need to file separate lawsuits as this complaint is solely regarding plaintiff's allegations that the actions of defendants Gorham, Frias, and Grounds led to plaintiff falling down a flight of stairs.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff shall continue to proceed pro se in this case.

2. Plaintiff's request for an evidentiary hearing (ECF No. 105) is denied.

3. Defendants may file and serve a renewed motion for summary judgment within ten days of service of this order. In accordance with Local Rule 230(l), plaintiff shall file and serve an opposition or statement of non-opposition to the motion within twenty-one days of service and defendants may reply within seven days of the response being filed in CM/ECF.

DATED: February 7, 2017

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

2