UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| JOHN PHILIP MONCRIEF, | No. 2:12-cv-0414 MCE AC P |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Defendants. | |

Plaintiff, a state prisoner, is proceeding pro se with a civil rights complaint pursuant to 42 U.S.C. § 1983. Currently pending before the court are plaintiff's requests for additional discovery (ECF Nos. 123, 126, 127), request for phone usage and transfer to another institution (ECF No. 124), a request for a large-print copy of the Local Rules (ECF Nos. 126, 129), and a motion for a ninety-day extension of time to respond to defendants' motion for summary judgment (ECF No. 128).

Regarding plaintiff's requests for additional discovery, plaintiff has been previously advised that discovery is closed and will not be re-opened. ECF Nos. 116, 122. Per this court's order, defendants have filed a notice that plaintiff has been served with a copy of the CDC 7371 form dated November 15, 2010, which was located in his central file. ECF No. 125. The other documents plaintiff states that he needs appear to be the type of documents that would be

1

maintained in his central file, which plaintiff can access through an Olsen review. Plaintiff does not require leave of the court to request an Olsen review, nor should defendants be burdened with providing plaintiff with documents that should have been requested during discovery and to which he already has access. As the court has previously advised, requests for discovery should have been served before the close of the discovery period. The current requests for discovery, ECF Nos. 123, 126, 127, will be denied and any further requests for discovery will be disregarded.

Plaintiff has also requested phone usage and an order to be transferred to California Medical Facility in Vacaville. ECF No. 124. The court does not have authority to order the California Department of Corrections and Rehabilitation (CDCR) to provide plaintiff with unlimited phone usage or transfer him to another facility. Therefore, these requests will be denied. If plaintiff seeks phone access, he must follow whatever procedures are in place at the institution where he is housed for using the phone.

Plaintiff filed an initial request for a copy of the Local Rules, which was granted when the Clerk of the Court sent him a copy of the Local Rules applicable to prisoner cases. ECF Nos. 126; Docket entry for ECF No. 126. He now requests a large-print copy of the Local Rules. ECF No. 129. The court does not maintain large-print copies of the Local Rules and plaintiff has stated that he is receiving assistance reading documents. Accordingly, the request for a large-print copy of the rules is denied.

Plaintiff has moved for another ninety-day extension of time to file an opposition to defendant's motion for summary judgment. ECF No. 128. Plaintiff states that the incorrect glasses were delivered and the eye doctor re-ordered the correct prescription glasses on April 12, 2017. Id. at 1. Plaintiff states that it will take another ninety days to receive his re-ordered prescription eye glasses. Id. Plaintiff's opposition to defendant's motion for summary judgment is currently due by May 24, 2017. ECF No. 118. The original deadline was March 9, 2017. See L.R. 230(l).

Although plaintiff asserts that he is unable to read without his new glasses, none of his requests for extension have advised the court whether he still has access to his old glasses while

he waits for the new prescription to arrive.[1]  ECF Nos. 113, 117, 128.  Plaintiff also fails to inform the court what he has been doing to try to meet his current deadline.  Plaintiff's numerous filings since his new glasses were ordered clearly show that he is still able to write (ECF Nos. 106, 108, 112, 113, 115, 117, 119-121, 123, 124, 126-129), and one of his recent filings states that he has assistance in reading communications (ECF No. 129).  Although it appears that completing an opposition to defendants' motion for summary judgment without his new glasses may take more time, it does not appear to be impossible and plaintiff has not given any indication that he has been trying to work on his opposition while he waits for his glasses.  Accordingly, plaintiff's motion for a second ninety-day extension of time will be denied without prejudice.  If plaintiff wants to renew his motion for additional time, he must tell the court whether he has access to his old glasses and, if he does, why they are not sufficient.  He must also explain what he has been doing to complete his opposition in the time he has already been granted.

        Finally, plaintiff has requested a court order allowing his family to order him "Dial Vision" glasses which apparently let the wearer adjust the prescription at will.  ECF No. 128.  The court will not order the CDCR to allow what it assumes are unapproved prescription eye glasses into the prison and therefore this request will be denied.  Denial of this request does not prevent plaintiff's family from utilizing any already existing procedures that may be available for purchasing plaintiff approved glasses.

        Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's requests for additional discovery (ECF Nos. 123, 126, 127) are denied;
2. Plaintiff's request for phone usage and transfer to another facility (ECF No. 124) is denied;
3. Plaintiff's request for a large-print copy of the Local Rules (ECF No. 129) is denied.
4. Plaintiff's motion for a ninety-day extension of time (ECF No. 128) is denied without prejudice.

////

---

[1] Plaintiff submitted a DPP Disability/Accommodation Summary that shows he has had glasses since at least September 30, 2016.  ECF No. 128 at 2.

5. Plaintiff's request for an order allowing his family to purchase eye glasses for him (ECF No. 128) is denied.

DATED: May 2, 2017

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE